# United States District Court
## Eastern District of Michigan

United States of America
 -V-

**ORDER DETERMINING PROBABLE CAUSE
AND BINDING DEFENDANTS OVER FOR
FURTHER PROCEEDINGS BEFORE THE GRAND JURY**

Serafin Valle Nunez (def #2)　　　　　　　(Tentative arraignment date: Feb 15, 2007 3pm )
Ricardo Uriostegui (def #3)
Sergio Quirogua (Def #4)
Hector Mata-Marigal (def #6)
Marcos Alejandro-Mata (def #7)　　　　　Case Number: 07-30049
　　　　Defendant

　　　　In accordance with F. R. CR. P. RULE 5.1, a PRELIMINARY HEARING has been held. Based on the testimony at the hearing and as highlighted/summarized below, I conclude that there exists probable cause to believe that a crime was committed and that each of the defendants committed it (Knowingly and intentionally conspiring to possess with intent to distribute 5 kilograms of cocaine), and requires that the defendants be bound over to the GRAND JURY for further proceedings. The detention order is continued.

### Part I – Findings of Fact

　　　　(1) This is not a complete summary of all the testimony, but merely summarizes salient points. I find that beginning in at least March, 2006 DEA began investigating a narcotics organization comprised of the defendants and others. Most of those involved are illegal aliens. In the summer of 2006, DEA initiated a wiretap, began with Hector MATA's phone. There were four targeted phones. Between August and November, 2006, 16,000 calls were intercepted; 8000 have been transcribed. At least 15-20 times prior to mid-Sept was surveillance of Mata brothers and surveillance was conducted (mid-Sept to November focused on Ruben Nunez). The intercepted communications and surveillance identified Ruben Nunez (def #1) as the supplier of cocaine. When phone calls made indicating movement, agents observed movements as set forth on the calls. Based on agents review of calls and surveillance, government believes about 50 kilos of cocaine total involved.

- With respect to d#2 (Serafin Valle Nunez), investigation showed that he worked under his brother Ruben (def #1) and was intercepted on telephones calls with his brother Ruben (Def #1) and engaging in the conversations as a participant in the conspiracy. References to people or family were determined to be code words for drugs. On one call, he asked Ruben how many people were coming up and was told 9, that was all that would fit in the van–in point of fact, on or about November 9, 2006, 9 kilograms of cocaine were found hidden in the vehicle, hidden in crevices by the tires and that was all that would fit. Consequently, agents belief in code words was confirmed. The cocaine was seized.

- With respect to d#3, Ricardo Uriostegui–(Tio) also involved in conversations about "how many" were coming up, involved in the 9 kilo transaction, but not present at time van stopped. Seen many times with Ruben Nunez, as the passenger in the vehicle when Nunez was driving. Associated by surveillance with house 1963 Sharon , Detroit, used in the storage of cocaine. Believed to be residence of Uriostegui and Ruben Nunez.

- With respect to d#4 (Sergio Quiroga)–(Cortoro) based on intercepted calls he would move kilos of cocaine. After calls, this def would deliver proceeds of money to third parties. Agent surveillance tracks him as involved in transport of $51,000+ with Valle-Nunez when stopped by MSP on a traffic stop. Money seized by DEA. Not involved in the 9 kilo transaction but arrested with Valle in the delivery of the money and subsequent calls concerning this shortfall of money to the organization.

- With respect to d#6 (Hector Mata Marigal)-his role found as result of intercepts and confirmed by surveillance that he was to get the cocaine and deliver it. Observed by DEA with his brother to pick up cocaine at a stash house as directed by Ruben Nunez on the phone. Some calls indicating that price was short some $500.

- With respect to d#7 (Marcos Alejandro Mata)–is brother of def#6 as admitted at arrest and consistent with intercepted conversations. Role was to move the cocaine. On or about August 6, brothers were together prior to a flat tire. .question: "are you going to buy those three?" Met up with other parties. . observed exchanging a Nike shoe box with another person

following conversation about drugs.  Nike box never seized.  Some phones seized from this defendant–not the target telephones.  Mainly shown on surveillance with his brother and spoke several times a day to his brother.  No evidence of involvement in the November 9 van seizure.

### Directions Regarding Detention

The defendant shall remain in the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date 2/1/07

s/Virginia M. Morgan
*Signature of Judge*
Virginia M. Morgan, United States Magistrate Judge
*Name and Title of Judge*